IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02330-BNB

MICHAEL DOYLE,
Applicant,

v.

WARDEN ABBOTT, and
SUTHERS, Attorney General of the State of Colorado,
Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 31 2008

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING APPLICANT TO FILE AMENDED PLEADING

---

Applicant, Michael Doyle, is a prisoner in the custody of the Colorado Department of Corrections at the Sterling Correctional Facility at Sterling, Colorado. Mr. Doyle has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of two prison disciplinary convictions. The court must construe the application liberally because Mr. Doyle is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Doyle will be ordered to file an amended pleading.

The court has reviewed the application and finds that it is deficient. The claims Mr. Doyle raises challenging the validity of two prison disciplinary convictions must be asserted pursuant to 28 U.S.C. § 2241 because those claims call into question the execution, and not the validity, of the sentence Mr. Doyle is serving. Furthermore, Mr. Doyle may not challenge the validity of his conviction or sentence in this action because

he currently has pending an application for a writ of habeas corpus pursuant to § 2254 challenging the validity of his conviction and sentence. *See Doyle v. Archuleta*, No. 07-cv-01358-PAB-KMT (D. Colo. filed June 28, 2007). Therefore, Mr. Doyle will be directed to file an amended pleading on the proper form if he wishes to pursue his claims challenging the validity of his prison disciplinary convictions.

Mr. Doyle is reminded that he must allege specific facts in support of his claims to demonstrate that his federal constitutional rights have been violated. Naked allegations of constitutional violations are not sufficient to state a habeas corpus claim. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). Accordingly, it is

ORDERED that Mr. Doyle file **within thirty (30) days from the date of this order** an amended pleading on the proper form. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Doyle, together with a copy of this order, two copies of the following form: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. It is

FURTHER ORDERED that if Mr. Doyle fails within the time allowed to file an amended pleading as directed, the application will be denied and the action will be dismissed without further notice.

DATED October 31, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02330-BNB

Michael Doyle
Prisoner No. 114917
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241** to the above-named individuals on 10/31/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk