IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02330-BNB

MICHAEL DOYLE,

Applicant,

v.

WARDEN ABBOTT,

Respondent.

## ORDER OF DISMISSAL

Applicant Michael Doyle is a prisoner in the custody of the Colorado Department of Corrections (DOC) at the Sterling Correctional Facility at Sterling, Colorado. Mr. Doyle initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of two prison disciplinary convictions. On October 31, 2008, Magistrate Judge Boyd N. Boland ordered Mr. Doyle to file an amended habeas corpus application using the proper form for an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 because he is challenging the execution, and not the validity, of his sentence. On November 20, 2008, Mr. Doyle filed an amended habeas corpus application pursuant to § 2241.

In an order filed on November 24, 2008, Magistrate Judge Boland directed Respondent to file a Preliminary Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies if Respondent intends to raise either or both of those affirmative defenses in

this action. On December 19, 2008, Respondent filed a Preliminary Response arguing that Mr. Doyle has not exhausted state court remedies and that this action is barred by the one-year limitation period. On January 8, 2009, Mr. Doyle filed a reply to the Preliminary Response.

The Court must construe the amended application and other papers filed by Mr. Doyle liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action.

As noted above, Mr. Doyle is challenging the validity of two prison disciplinary convictions. In June 2006 he was charged with the disciplinary offenses of advocating or creating a facility disruption in DOC case number 061366 and unauthorized possession in DOC case number 061367. He subsequently was convicted of those offenses following prison disciplinary hearings. Mr. Doyle claims in this action that he was denied due process during the course of the prison disciplinary proceedings.

On August 15, 2006, Mr. Doyle filed in the Fremont County, Colorado, District Court a complaint pursuant to Rule 106(a)(4) of the Colorado Rules of Civil Procedure in which he challenged a number of prison disciplinary convictions, including the convictions in case numbers 061366 and 061367. The Rule 106(a)(4) complaint was dismissed on October 11, 2006, by District Court Magistrate Robert Freeman. On December 12, 2006, the Colorado Court of Appeals dismissed Mr. Doyle's appeal from the October 11 order for lack of jurisdiction because Mr. Doyle did not seek district court

review of the magistrate's order. The state appellate court's mandate issued on April 16, 2007.

As noted above, Respondent argues that this action should be dismissed both for failure to exhaust state remedies and as time-barred. The Court first will address the exhaustion argument. Respondent asserts that Mr. Doyle failed to exhaust state remedies because the Colorado Court of Appeals dismissed his appeal for lack of jurisdiction when he attempted to seek appellate review in that court without first seeking district court review as required by state law.

Mr. Doyle must exhaust state court remedies before he may pursue his claims in a habeas corpus action in this Court. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). "The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Pursuant to Rules 7(a)(1) and 7(a)(5) of the Colorado Rules for Magistrates, the "exclusive method" to appeal a decision of a magistrate judge in cases when consent is not necessary is to file a petition for review with the district court within fifteen days. "If

3

timely review in the district court is not requested, . . . [appeal] to the appellate court is barred." Colo. R. Mags. 7(a)(12). The Magistrate's October 11, 2006, order states that consent is not necessary and that any appeal must be taken within fifteen days pursuant to Rule 7(a).

Mr. Doyle apparently concedes that he has not exhausted state remedies. He does not allege that he sought review of the dismissal of his Rule 106(a)(4) complaint in the district court as required under state law or that he fairly presented his claims to the state's highest court in some other way. Instead, Mr. Doyle argues that the Court should consider his claims because he is actually innocent of the charged prison disciplinary offenses.

The Court finds that Mr. Doyle did not fairly present his claims to the state's highest court and that his claims now are procedurally defaulted. However, Mr. Doyle is correct that a procedural default is not an absolute bar to consideration of his claims. In particular, a state court procedural default may be "excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). Mr. Doyle asserts his actual innocence argument pursuant to the fundamental miscarriage of justice exception. *See Murray v. Carrier*, 477 U.S. 478, 496 (1986) (noting that a fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent").

A "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). To

4

demonstrate a fundamental miscarriage of justice, Mr. Doyle first must "support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Id*. Mr. Doyle then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id*. at 327.

Mr. Doyle argues that he is actually innocent because there was no evidence presented at the prison disciplinary hearings to support his convictions in case numbers 061366 and 061367. However, he fails to present any new reliable evidence that was not presented at the prison disciplinary proceedings to support his argument. Therefore, Mr. Doyle cannot demonstrate that a failure to consider his claims will cause a fundamental miscarriage of justice. As a result, the Court finds that Mr. Doyle's claims are unexhausted and procedurally barred.

As noted above, Respondent also argues in the Preliminary Response that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). That statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the

United States is removed, if the applicant was
prevented from filing by such State action;

(C) the date on which the constitutional right
asserted was initially recognized by the
Supreme Court, if the right has been newly
recognized by the Supreme Court and made
retroactively applicable to cases on collateral
review; or

(D) the date on which the factual predicate of
the claim or claims presented could have been
discovered through the exercise of due
diligence.

(2) The time during which a properly filed application for
State post-conviction or other collateral review with respect
to the pertinent judgment or claim is pending shall not be
counted toward any period of limitation under this
subsection.

28 U.S.C. § 2244(d).

Respondent specifically argues that this action is time-barred because Mr. Doyle's prison disciplinary convictions were final in 2006; any tolling of the one-year limitation period ended in April 2007 when the Colorado Court of Appeals issued its mandate after dismissing Mr. Doyle's appeal in the Rule 106(a)(4) proceedings; and the instant action was not filed until October 2008.

The Court notes initially that the one-year limitation period applies to habeas corpus actions challenging the execution of a state sentence under § 2241. *See Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003). Furthermore, the Court finds that Mr. Doyle fails to present any reasoned argument for why this action should not be dismissed as barred by the one-year limitation period. To the extent Mr. Doyle seeks to raise his actual innocence argument as an exception to the one-year limitation period,

the Court finds that the argument lacks merit for the reasons discussed above in the context of exhaustion and procedural default. Therefore, the action also will be dismissed as barred by the one-year limitation period.

Finally, the Court notes that Mr. Doyle devotes a large portion of his reply to Respondent's Preliminary Response to issues that are not relevant either to the exhaustion question or the timeliness of this action. In particular, Mr. Doyle discusses at length a prior civil case he filed pursuant to 42 U.S.C. § 1983 challenging the same prison disciplinary convictions he is challenging in this action. *See Doyle v. Cella*, 07-cv-01126-WDM-KMT (D. Colo. Oct. 2, 2008), *appeal filed*, No. 08-1398 (10th Cir. Oct. 15, 2008). Mr. Doyle's claims for damages in 07-cv-01126-WDM-KMT were dismissed pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), because Mr. Doyle cannot seek damages for the alleged violations of his constitutional rights in the course of the prison disciplinary proceedings until the disciplinary convictions are invalidated. Mr. Doyle states that he filed the instant action in order to invalidate the prison disciplinary convictions. However, the fact that Mr. Doyle was unsuccessful in his effort to obtain relief pursuant to § 1983 because his prison disciplinary convictions have not been invalidated is not relevant to the questions of whether he has exhausted state remedies and whether this habeas corpus action is timely. For the reasons discussed in this order, the Court finds both that Mr. Doyle has failed to exhaust state remedies and that this habeas corpus action is barred by the one-year limitation period. Therefore, the instant action will be dismissed. Accordingly, it is

the Court finds that the argument lacks merit for the reasons discussed above in the context of exhaustion and procedural default. Therefore, the action also will be dismissed as barred by the one-year limitation period.

Finally, the Court notes that Mr. Doyle devotes a large portion of his reply to Respondent's Preliminary Response to issues that are not relevant either to the exhaustion question or the timeliness of this action. In particular, Mr. Doyle discusses at length a prior civil case he filed pursuant to 42 U.S.C. § 1983 challenging the same prison disciplinary convictions he is challenging in this action. *See Doyle v. Cella*, 07-cv-01126-WDM-KMT (D. Colo. Oct. 2, 2008), *appeal filed*, No. 08-1398 (10th Cir. Oct. 15, 2008). Mr. Doyle's claims for damages in 07-cv-01126-WDM-KMT were dismissed pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), because Mr. Doyle cannot seek damages for the alleged violations of his constitutional rights in the course of the prison disciplinary proceedings until the disciplinary convictions are invalidated. Mr. Doyle states that he filed the instant action in order to invalidate the prison disciplinary convictions. However, the fact that Mr. Doyle was unsuccessful in his effort to obtain relief pursuant to § 1983 because his prison disciplinary convictions have not been invalidated is not relevant to the questions of whether he has exhausted state remedies and whether this habeas corpus action is timely. For the reasons discussed in this order, the Court finds both that Mr. Doyle has failed to exhaust state remedies and that this habeas corpus action is barred by the one-year limitation period. Therefore, the instant action will be dismissed. Accordingly, it is

ORDERED that the habeas corpus application and the amended application are denied and the action is dismissed for failure to exhaust state remedies and as barred by the one-year limitation period.

DATED at Denver, Colorado, this 30 day of Jan., 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02330-BNB

Michael Doyle
Prisoner No. 114917
Sterling Correctional Facility
PO Box 6000
Sterling, CO 80751

Robert C. Huss
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 2/2/09

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk